# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JAMES CARSON JENKINS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | Case No. CIV-09-384-D |
| ) | |
| **DAVID PARKER, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

## **REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing through counsel, brings this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction. United States District Judge Timothy D. DeGiusti has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The petition has been promptly examined in accordance with Rule 4 of the Rules Governing Section 2254 Cases, and as it is untimely, it is recommended that the petition be dismissed upon filing.

By this action, Petitioner challenges his February 20, 2004 conviction following a jury trial on one count of assault and battery with intent to kill after former conviction of a felony for which he was sentenced to a term of life imprisonment. Petition, p. 1; Case No. CF-2003-254, District Court of Grady County, Docket (attached to Respondent's Reply as Ex. 2). On direct appeal, the Oklahoma Court of Criminal Appeals affirmed Petitioner's conviction and sentence in an opinion issued on April 29, 2005. Petition, p 2; Jenkins v. State, Case No. F-04-187, p. 2 (attached to Reply as Ex. 1).

Petitioner filed an application for post-conviction relief in the trial court which was

denied on July 15, 2008. Petition, p. 2; Case No. CF-2003-254, District Court of Grady County, Docket. Petitioner appealed the denial to the Oklahoma Court of Criminal Appeals which affirmed the trial court's decision on October 22, 2008. Petition, p. 2; Jenkins v. State, Case No. PC-2008-720, p. 3 (attached to Reply as Ex. 3). The petition for federal habeas relief was filed in this Court on April 10, 2009. Petition, p. 1.

Petitioner raises three grounds for relief. In his first ground, he alleges that trial counsel rendered ineffective assistance by failing to present a voluntary intoxication defense. Id. at 3. In Ground Two, Petitioner contends that trial and appellate counsel were both ineffective for failing to present a voluntary intoxication defense. Id. at 4. For his third and final ground, Petitioner claims that his sentence violates the prohibition against double jeopardy. Id. at 5.

**I.     SCREENING REQUIREMENT**

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. Additionally, "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Day, 547 U.S. at 210. Further, when raising the issue sua sponte, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by

addressing the merits or by dismissing the petition as time barred." Id. (quotation omitted); Thomas v. Ulibarri, No. 06-2195, 214 Fed. Appx. 860, 861 n.1 (10th Cir. Jan. 31, 2007).[1] A Court may dismiss a § 2254 habeas petition sua sponte only if its untimeliness is clear from the face of the petition. Kilgore v. Attorney General of Colorado, 519 F.3d 1084 (10th Cir. 2008). The initial review of the petition shows on its face that it is untimely filed, and for that reason it should be dismissed upon filing.[2]

## II.   AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitations period governing the claims of habeas petitioners in state custody. Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] This and any other unpublished disposition cited pursuant to Fed. R. App. P. 32.1 and Tenth Circuit Rule 32.1.

[2] While it appeared clear on its face that the petition was untimely, the undersigned gave Petitioner an opportunity to be heard on the timeliness issue by issuing a show cause order [Doc. No. 8].

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts implicating subsections (B), (C), or (D), the limitations period generally begins to run from the date on which the conviction became final. See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner has not alleged anything to suggest that subsections (B), (C), or (D) may apply to the petition, so its timeliness will be evaluated from the date Petitioner's conviction became final by the expiration of the time for seeking direct review.

As noted, the trial court entered its judgment of conviction on February 20, 2004, and the Oklahoma Court of Criminal Appeals affirmed Petitioner's conviction and sentence on April 29, 2005. Petition, pp. 1-2. Therefore, Petitioner's conviction became final for AEDPA limitations purposes 90 days later on July 28, 2005, after the time period to file a petition for certiorari expired. See 28 U.S.C. § 2101; see also Sup. Ct. R. 13; Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Therefore, the one-year limitations period began to run on July 29, 2005, and absent tolling, expired on July 29, 2006. See Haws v. Jorgensen, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. March 14, 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004." (footnote omitted) (citing United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). The petition was filed April 10, 2009, several years after the limitations period expired. Petition, p. 1. Thus, absent statutory or equitable tolling, it is untimely.

### A. Statutory Tolling

The AEDPA limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). However, only those applications for state post-conviction relief filed prior to the expiration of the AEDPA limitations period toll it. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Thus, although Petitioner filed an application for state-post conviction relief, this did not toll the running of the AEDPA limitations period because Petitioner did not file his application for state post-conviction relief until April 14, 2008 - nearly two years after its July 2006 expiration. Petitioner has not alleged that he filed any other applications for post conviction relief. Petition, pp. 2-3. Therefore, he is not entitled to statutory tolling.

### B. Equitable Tolling

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner must diligently pursue his claims and he bears the burden to "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

Petitioner has not provided any facts to indicate that the limitations period applicable to the petition should be equitably tolled.  See Petition, pp. 2-7.  Indeed, when given an opportunity to provide information as to why his petition should not be dismissed as untimely filed, he, through counsel, filed a brief that did not contain so much as one sentence pertinent to the issue of timeliness.  *See* Petitioner's Response, pp. 1-7.  "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims."  Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003).  Therefore, as Petitioner waited until nearly two years after the AEDPA limitations period expired to file an application for state post-conviction relief, and did not file his § 2254 petition until nearly six months after his application for state post-conviction relief was denied, equitable tolling is not appropriate.

## **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that the petition be dismissed upon filing as untimely.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 25, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 5th day of **June, 2009.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE