IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES CARSON JENKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-09-384-D |
| ) | |
| DAVID PARKER, Warden, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Doyle W. Argo pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Petitioner has timely objected to the Report, which recommends summary dismissal of the Petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). The Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a state prisoner who appears through counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254, based on claims of constitutional error with respect to a 2004 conviction of assault and battery with intent to kill after former conviction of a felony, for which he received a sentence of life imprisonment in Case No. CF-2003-254, District Court of Grady County, Oklahoma. Specifically, Petitioner claims he received ineffective assistance of trial and appellate counsel and his sentence violates the prohibition against double jeopardy. However, Judge Argo finds on the face of the Petition that the one-year limitations period of 28 U.S.C. § 2244(d)(1)

expired in July, 2006, and that Petitioner has failed to allege any basis for statutory or equitable tolling of the limitations period.

Petitioner, through counsel, admits "[t]he facts are clear that he did not bring this matter is [sic] a timely fashion." *See* Objection [Doc. 13] at 2.  He argues, however, that he has meritorious claims that raise "a novel issue [and] should allow him a bypass of the procedural default." *See id*.  Petitioner relies on legal arguments and authorities regarding procedural default to excuse his untimeliness.

Petitioner's arguments are misplaced.  Judge Argo correctly states that the AEDPA's time limit for filing a federal habeas petition may be tolled only as provided by statute or under circumstances that raise "serious constitutional questions and possibly renders the habeas remedy inadequate or ineffective." *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  Petitioner fails to allege such circumstances.  "Generally, equitable tolling requires a litigant to establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Petitioner's allegation that he was ignorant of the law and needed the assistance of an attorney is insufficient.  *See Yang*, 525 F.3d at 930.  Also, "[a] claim of actual innocence may toll the AEDPA statute of limitations."  *Laurson v. Leyba*,  507 F.3d 1230, 1232 (10th Cir. 2007). However, Petitioner does not assert such a claim.

Therefore, upon *de novo* consideration of the issues, the Court finds that the Petition is time-barred and should be dismissed upon filing.

2

IT IS THEREFORE ORDERED that the Court adopts the Report and Recommendation [Doc. No. 12]. The Petition is dismissed as untimely pursuant to 28 U.S.C. § 2244(d). Judgment shall be entered accordingly.

IT IS SO ORDERED this 23rd day of June, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE